Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| MARISELA CAMACHO AQUINO<br><br>Peticionaria - Recurrida<br><br>v.<br><br>EDUARDO PÉREZ CORTÉS<br><br>Peticionado – Recurrente | TA2025RA00023 | Revisión procedente de la Administración para el Sustento de Menores<br><br>ASUME: 0596698<br><br>Sobre: Alimentos |
|---|---|---|

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio y el Juez Rodríguez Flores.

Sánchez Ramos, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 9 de julio de 2025.

La Administración para el Sustento de Menores ("ASUME") le impuso al Sr. Eduardo Pérez Cortés (el "Recurrente") el pago de $650.00 mensuales, por concepto de pensión alimentaria, a favor de la hija menor de edad de las partes (la "Hija"). Según se explica a continuación, al presentarse el recurso de referencia no se había presentado una moción de reconsideración ante ASUME, requisito jurisdiccional para acudir en revisión ante este Tribunal, por lo cual procede la desestimación del recurso.

I.

El 12 de junio de 2025, la ASUME notificó una *Resolución y Orden* (la "Decisión"), mediante la cual se modificó la pensión alimentaria que el Recurrente, padre no custodio, debía satisfacer a favor de Hija, efectivo al 26 de septiembre de 2024.

En desacuerdo, el 26 de junio, el Recurrente interpuso el recurso de revisión judicial de referencia, con el fin de que revisemos la Decisión.

El 2 de julio, la ASUME presentó una moción de desestimación; planteó que el Recurrente no había presentado

oportunamente una moción de reconsideración ante la ASUME, según se requiere como condición previa para solicitar ante este Tribunal la revisión de la Decisión. Véase Artículo 11A de la Ley de ASUME, *infra*, y la Regla 62 del Reglamento Núm. 7583, Reglamento de Procedimiento Administrativo Expedito de la ASUME (el "Reglamento").

El 2 de julio, el Recurrente nos informó que, en igual fecha, había presentado una *Solicitud de Reconsideración* de la Decisión ante la ASUME. No disputó que, en efecto, fuese un requisito jurisdiccional solicitar la reconsideración de la Decisión antes de solicitarnos su revisión. Resolvemos.

II.

La jurisdicción es la autoridad que tiene el tribunal para atender en los méritos una controversia. *Maldonado v. Junta de Planificación,* 171 DPR 46, 55 (2007). La jurisdicción no se presume y los tribunales no tienen discreción para asumirla donde no la hay. *Íd.* Los tribunales debemos ser celosos guardianes de nuestra jurisdicción. *SLG Szendrey-Ramos v. F. Castillo,* 169 DPR 873, 882 (2007). Los asuntos jurisdiccionales son privilegiados y deben resolverse con preferencia a cualquier otro asunto planteado. *Carattini v. Collazo Systems Analysis, Inc.*, 158 DPR 345, 355 (2003).

Por otro lado, la Ley 201-2003 ("Ley 201"), conocida como Ley de la Judicatura del Estado Libre Asociado de Puerto Rico, 4 LPRA sec. 24 *et seq.*, establece, en lo pertinente, que el Tribunal de Apelaciones revisará, como cuestión de derecho, las decisiones finales de los organismos y agencias administrativas, cuyo trámite se hará de conformidad con las disposiciones de la Ley Núm. 38-2017 ("LPAU"), Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, 3 LPRA sec. 9601 *et seq.* Véase, Artículo 4.002 de la Ley 201, 4 LPRA sec. 24u.

En conexión, la Sección 4.1 de la LPAU, 3 LPRA sec. 9671, dispone que la revisión judicial estará disponible solo en aquellos casos en que se recurra de un dictamen adjudicativo final emitido por una dependencia administrativa. Por su parte, la Sección 4.2 de la LPAU, 3 LPRA sec. 9672, exige lo siguiente:

> [u]na parte adversamente afectada por una orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones, dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia o a partir de la fecha aplicable de las dispuestas en la sec. 9655 de este título, cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración.

El requisito de agotar remedios administrativos que impone la Sección 4.2 de la LPAU, *ante*, limita nuestra facultad de revisar las determinaciones administrativas. *J. Exam. Tec. Med. v. Elías et al.*, 144 DPR 483, 489 (1997); *Guzmán y otros v. E.L.A.*, 156 DPR 693, 714 (2002).

Por su parte, el Artículo 11A de la Ley Núm. 5 del 30 de diciembre de 1986, Ley Orgánica de la Administración para el Sustento de Menores, según enmendada, 8 LPRA sec. 510ª (la "Ley de ASUME"), establece lo siguiente en torno a la revisión judicial:

> De conformidad con las secs. 9601 et seq. del Título 3, conocidas como "Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico", la parte adversamente afectada podrá, dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o decisión final del Juez Administrativo, presentar una solicitud de revisión ante el Tribunal de Apelaciones. **Será requisito jurisdiccional para poder acudir en revisión judicial, haber solicitado oportunamente la reconsideración de la orden de la cual se recurre**. (Énfasis provisto). 8 LPRA sec. 510a.

Por su parte, la Regla 62 del Reglamento Núm. 7583 del 10 de octubre de 2008, Reglamento del Procedimiento Administrativo

Expedito de la Administración para el Sustento de Menores (el "Reglamento"), dispone, de forma similar:

> La parte adversamente afectada por una resolución final podrá solicitar reconsideración, dentro del término de **veinte (20) días** si reside en Puerto Rico o de treinta (30) días si reside fuera de Puerto Rico, que se contará a partir del archivo en el expediente o del envío por correo del dictamen, lo que sea posterior. La solicitud de reconsideración será presentada en la oficina del juez administrativo mediante escrito enviado por correo regular, fax, cualquier método electrónico disponible o personalmente. Cuando se presente por fax, el original deberá ser remitido por correo o entregado personalmente el mismo día en que se tramitó el fax.
>
> [...]
>
> Si el juez administrativo acoge la solicitud de reconsideración emitirá una resolución en reconsideración en un término que no podrá exceder de diez (10) días, que se contarán a partir de la celebración de la vista. La resolución en reconsideración se notificará dentro de los siguientes cinco (5) días de haberse emitido. Si transcurridos quince (15) días de la presentación de la reconsideración, el juez administrativo no emite una determinación, se entenderá que la rechazó de plano. La parte interesada tendrá treinta (30) días contados a partir del día en que se agotaron esos quince (15) días, para acudir al Tribunal de Apelaciones mediante recurso de revisión judicial. En los casos en los que el juez administrativo emita una determinación en reconsideración, la parte adversamente afectada podrá presentar una solicitud de revisión judicial ante el Tribunal de Apelaciones dentro del término de treinta (30) días, que se contarán a partir del archivo en el expediente o del envío de la Resolución que resuelve la solicitud de reconsideración, lo que sea posterior.
>
> **La solicitud de reconsideración es un requisito jurisdiccional para poder solicitar revisión judicial ante el Tribunal de Apelaciones.**
>
> [...] (Énfasis provisto).

III.

Concluimos que carecemos de jurisdicción para considerar el recurso de referencia porque, al presentarse el mismo, no se había presentado la moción de reconsideración que la Ley de ASUME y el Reglamento válidamente requieren como requisito previo a la presentación de una solicitud de revisión judicial ante este Tribunal. Resaltamos que, en la Decisión, se le advirtió expresamente al

Recurrente sobre el requisito de solicitar reconsideración antes de solicitar revisión ante este Tribunal; en efecto, en la Decisión se expuso que "**será requisito jurisdiccional para poder acudir en revisión judicial, haber solicitado oportunamente la reconsideración de la Orden de la cual se recurre**".[1] (Énfasis nuestro).

No obstante, al presentarse el recurso de epígrafe el 26 de junio, el Recurrente no había presentado moción de reconsideración alguna ante ASUME. Por consiguiente, procede la desestimación del recurso de referencia, pues la norma es que nuestra jurisdicción se determina al momento de la presentación de un recurso.

IV.

Por los fundamentos antes esbozados, se desestima el recurso de revisión judicial de referencia por falta de jurisdicción. Regla 83 del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 109-110, 215 DPR __ (2025).

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[1] Véase, *Resolución y Orden*, Apéndice 2 pág. 5, del recurso de revisión judicial, Entrada [1], SUMAC TA.